# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

DARYL ANTHONY GREEN,

     Appellant,

    v.

PRINCE GEORGE'S COUNTY OFFICE OF
CHILD SUPPORT ENFORCEMENT and
PRINCE GEORGE'S COUNTY
MUNICIPAL CORPORATION,

     Appellees.

Civil Action No. TDC-19-3449

Civil Action No. TDC-20-1201

Civil Action No. TDC-20-1765

## MEMORANDUM ORDER

Appellant Daryl Anthony Green has appealed three Orders of the United States Bankruptcy Court for the District of Maryland arising from Green's Chapter 13 bankruptcy proceeding. The appeals contest orders by the bankruptcy court relating to Green's efforts to challenge a claim submitted by Appellees Prince George's County Office of Child Support Enforcement and Prince George's County Municipal Corporation. For the reasons set forth below, each appeal will be dismissed.

## BACKGROUND

These appeals arise out of Green's Chapter 13 petition and related bankruptcy proceedings. On March 18, 2019, Green filed a voluntary Chapter 13 petition for bankruptcy. On April 25, 2019, the Prince George's County Office of Child Support Enforcement ("PGOCS") filed a proof of claim, asserting that Green owed his ex-wife—on behalf of whom it filed the claim—$19,915.88 in unpaid child support.

The Court has previously addressed other appeals by Green of bankruptcy court orders relating to PGOCS's proof of claim and incorporates by reference its opinions and orders resolving those appeals. *See Green v. Prince George's Cty. Office of Child Support Enf't* ("*Green I*"), No. TDC-19-2852, 2020 WL 4436371 (D. Md. Aug. 3, 2020); Mem. Order, *Green v. Prince George's Cty. Office of Child Support Enf't* ("*Green II*"), No. TDC-20-0250 (D. Md. June 9, 2020) (ECF No. 10). Because the Court described in those rulings the procedural history of Green's bankruptcy proceedings and past appeals, it will summarize this history only as relevant here.

On May 13, 2019, Green filed in the Chapter 13 proceeding an objection to PGOCS's proof of claim ("the First Objection"), arguing that the claim was "knowingly false," which the bankruptcy court overruled on July 5, 2019. *Green I*, 2020 WL 4436371, at *1. Green then filed another objection to PGOCS's proof of claim on August 1, 2019 ("the Second Objection"), again asserting that the proof of claim was "knowingly false." *Id.* at *2. The bankruptcy court overruled the Second Objection on September 4, 2019. Green then appealed the ruling on the Second Objection to this Court, which dismissed his appeal for lack of jurisdiction.

On August 14, 2019, Green initiated an adversary proceeding in the bankruptcy court to challenge PGOCS's proof of claim. When Appellees did not respond to the adversary complaint, Green sought a Clerk's Entry of Default, which the bankruptcy court denied on the grounds that Green had not served the proper parties. Green appealed that ruling, and this Court dismissed his appeal for lack of jurisdiction.

On October 28, 2019, Green filed in the Chapter 13 proceeding a "Motion to Deny/Dismiss" PGOCS's proof of claim. *Green v. Prince George's Cty. Office of Child Support Enf't* ("Appeal No. 19-3449"), No. TDC-19-3449 (D. Md. Mar. 12, 2020), Appendix ("App.") 66-72, ECF No. 10-2. In the Motion to Deny, Green again argued that PGOCS's proof of claim was

"knowingly false," stated that he had already filed the First and Second Objections to the proof of claim, and sought remedies including the "relief as pleaded in the second objection" to PGOCS's proof of claim.  App. 66-68, 72.  In an October 29, 2019 Order, the bankruptcy court denied Green's Motion "for the reasons stated" in its orders overruling Green's previous two objections.  App. 56.  On December 2, 2019, Green filed a Notice of Appeal of the October 29, 2019 Order.  That appeal is now before this Court as Appeal No. 19-3449.

On November 1, 2019, PGOCS filed a Motion to Dismiss Green's Chapter 13 bankruptcy case pursuant to 11 U.S.C. § 1307(c)(11), based on Green's failure to pay a domestic support obligation.  On May 1, 2020, Green filed a "Motion to Dismiss Claimants (PGOCS) Motion to Dismiss for Want of Jurisdiction" ("the May 1, 2020 Motion").  In the May 1, 2020 Motion, Green argued that the bankruptcy court lacked jurisdiction over PGOCS's Motion to Dismiss because there were pending appeals, and that PGOCS had filed a knowingly false proof of claim and otherwise had failed to state a claim.  Green also requested that the bankruptcy court cancel a hearing on PGOCS's Motion to Dismiss which was scheduled for June 9, 2020.  In a May 7, 2020 Order, the bankruptcy court denied Green's Motion to Dismiss on the grounds that it had jurisdiction and that PGOCS had asserted a plausible basis for dismissal under 11 U.S.C. § 1307(c)(11).  In light of the COVID-19 pandemic and Green's assertion that he has conditions that place him at high risk from COVID-19, the bankruptcy court canceled the June 9, 2020 hearing and set a schedule for the submission of written testimony, documentary evidence, and briefing on PGOCS's motion.  On June 8, 2020, Green filed a Notice of Appeal of the bankruptcy court's May 7, 2020 Order.  Notice of Appeal, *Green v. Prince George's Cty. Office of Child Support Enf't* ("Appeal No. 20-1765"), No. TDC-20-1765 (D. Md. June 11, 2020), ECF No. 1.  That appeal is now before this Court as Appeal No. 20-1765.

Meanwhile, on January 28, 2020, in the adversary proceeding against PGOCS, Green filed a "Motion to Compel All Discovery and for Sanctions."  Designation of Record Ex. 4, *Green v. Prince George's Cty. Office of Child Support Enf't* ("Appeal No. 20-1201"), No. TDC-20-1201 (D. Md. June 8, 2020), ECF No. 3-4.  In a March 31, 2020 Order, the bankruptcy court denied without prejudice the Motion to Compel because the appeal to this Court of the bankruptcy court's denial of Green's request for a Clerk's Entry of Default in the adversary proceeding remained pending before this Court.  On May 12, 2020, Green filed a Notice of Appeal of the March 31, 2020 Order.  That appeal is now before this Court as Appeal No. 20-1201.

## DISCUSSION

Upon review of all three appeals, the Court finds that none involve a final judgment or order that is properly appealable.  Accordingly, all three appeals will be dismissed for lack of jurisdiction.  *See* 28 U.S.C. § 158(a) (2018).

## I.      Legal Standard

When reviewing a bankruptcy court's order, the district court acts as an appellate court. *Id.* § 158(a)(1).  It reviews the bankruptcy court's legal conclusions *de novo* and its findings of fact for clear error.  *Canal Corp. v. Finnman* (*In re Johnson*), 960 F.2d 396, 399 (4th Cir. 1992).

By statute, litigants in federal bankruptcy courts may appeal to federal district courts as of right from "final judgments, orders, and decrees" and certain specified interlocutory orders, but may appeal from "other interlocutory orders and decrees" only "with leave of the court."  28 U.S.C. § 158(a).  "Orders in bankruptcy cases qualify as final when they definitively dispose of discrete disputes within the overarching bankruptcy case."  *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 586 (2020).

A litigant in a federal bankruptcy case may appeal an interlocutory order with leave of the court where the litigant demonstrates "that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978); *In re Pawlak*, 520 B.R. 177, 182 (D. Md. 2014). Exceptional circumstances should be found to exist only where (1) the order involves a controlling question of law; (2) there is substantial ground for a difference of opinion on the issue resolved; and (3) the interlocutory appeal would materially advance the termination of the litigation. *In re Pawlak*, 520 B.R. at 182.

## II.    Appeal No. 19-3449

The October 29, 2019 Order that Green seeks to appeal does not definitively dispose of a discrete dispute.  Green's Motion to Deny sought to challenge the validity of PGOCS's proof of claim and have it denied or dismissed.  When the bankruptcy court denied that motion, the issue of whether PGOCS's proof of claim was valid remained directly contested in the pending adversary proceeding before the bankruptcy court.  For the same reasons that this Court found that the denial of Green's Second Objection to PGOCS's proof of claim did not dispose of a discrete issue, it finds that the denial of Green's motion, which effectively challenged the same ruling for a third time, likewise did not do so.  *See Green I*, 2020 WL 4436371, at *3; *Educ. Credit Mgmt. Corp. v. Kirkland* (*In re Kirkland*), 600 F.3d 310, 314-15 (4th Cir. 2010) (noting that courts may raise issues implicating subject matter jurisdiction *sua sponte*).  Because the October 29, 2019 Order did not end Green's effort to challenge PGOCS's proof of claim, the challenged Order did not "terminate[] a procedural unit" and so is not final for purposes of 28 U.S.C. § 158(a).  *Ritzen Grp., Inc.*, 140 S. Ct. at 591.

Nor are there grounds to grant leave to appeal the October 29, 2019 Order.  Even if Green had requested such leave, he has not identified in the Order either a controlling question of law or a substantial ground for a difference of opinion on the issue resolved.  *See In re Pawlak*, 520 B.R. at 182.  Thus, this Court lacks jurisdiction to hear Green's appeal of the October 29, 2019 Order. *See* 28 U.S.C. 158(a).

Finally, the Court finds, in the alternative, that the appeal fails because Green filed the Notice of Appeal on December 2, 2019, well beyond the 14-day deadline.  *See* Fed. R. Bankr. P. 8002.  Since Green has provided no basis to support a conclusion of excusable neglect, the appeal will be dismissed.  *See* Fed. R. Bankr. P. 8002(d)(1)(B) (providing that the time to file a notice of appeal may be extended 21 days after the original 14-day filing deadline "if the party shows excusable neglect"); *In re Sheedy*, 875 F.3d 740, 742-44 (1st Cir. 2017) (applying the excusable neglect standard to a late-filed bankruptcy appeal); *In re Swann*, No. 05-01434, 2007 WL 1728706, at *3-4 (Bankr. D. Md. June 12, 2007) (same).

## III.    Appeal No. 20-1765

The May 7, 2020 Order appealed by Green also does not definitively dispose of a discrete dispute.  Green's May 1, 2020 Motion challenged PGOCS's Motion to Dismiss his Chapter 13 bankruptcy case.  The bankruptcy court's May 7, 2020 Order denied the May 1, 2020 Motion but did not resolve PGOCS's underlying Motion to Dismiss, let alone grant the relief PGOCS sought. Indeed, the Order set a schedule for briefing around PGOCS's underlying motion.  Thus, the Order did not "terminate[] a procedural unit separate from the remaining case."  *Ritzen Grp., Inc.*, 140 S. Ct. at 591.

Green also has not identified in the May 7, 2020 Order a controlling question of law or a substantial ground for difference of opinion on the issue resolved.  *See In re Pawlak*, 520 B.R. at

182. As there are no grounds on which this Court may grant Green leave to file an interlocutory appeal of the Order, the Court will dismiss Appeal No. 20-1765 for lack of jurisdiction.

## IV.     Appeal No. 20-1201

This Court also lacks jurisdiction over Green's appeal of the bankruptcy court's March 31, 2020 Order in the adversary proceeding.  That Order denied without prejudice Green's Motion to Compel and allowed Green to file "a new motion following resolution of the pending appeal" of the bankruptcy court's previous order denying Green's Motion for Default.  Mar. 31, 2020 Order at 1, Designation of Record Ex. 5, Appeal No. 20-1201, ECF No. 3-5.  The March 31, 2020 Order thus did not "definitively dispose" of a discrete dispute within the overarching bankruptcy case. *Ritzen Grp., Inc.*, 140 S. Ct. at 586.  Rather, it explicitly provided Green the option to refile a motion to compel discovery and seek sanctions later in the adversary proceeding, which remained pending.  Because the Order was not a final judgment or order, this Court lacks jurisdiction to hear Green's appeal.  *See* 28 U.S.C. § 158(a)(1).

Further, Green has not sought leave to appeal the interlocutory order and, even if he had, this Court would still lack jurisdiction because Green has not identified in the March 31, 2020 Order a controlling question of law or a substantial ground for difference of opinion on the issue resolved.  *See In re Pawlak*, 520 B.R. at 182.  Appeal No. 20-1201 will therefore be dismissed for lack of jurisdiction.

**CONCLUSION**

For the foregoing reasons, it is hereby ORDERED that:

1.      Green's appeals in Case No. TDC-19-3449, Case No. TDC-20-1765, and Case No. TDC-20-1201 are all DISMISSED for lack of jurisdiction.

2.      The Motion to Dismiss in Case No. TDC-20-1765, ECF No. 6, and the Motion to Dismiss in Case No. TDC-20-1201, ECF No. 8, are DENIED AS MOOT.

3.      The Clerk shall close Case No. TDC-19-3449, Case No. TDC-20-1765, and Case No. TDC-20-1201.

Date:  December 23, 2020                            /s/ *Theodore D. Chuang*
                                                           THEODORE D. CHUANG
                                                           United States District Judge